LIBERINA D'AMICO *et al. vs.* BOARD OF APPEALS OF THE CITY OF PAWTUCKET.

MAY 16, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review the decision of the board of appeals of the city of Pawtucket denying the application of the petitioners for an exception or a variation of the zoning ordinance affecting certain lots of land owned by them in the city of Pawtucket. The writ was issued and pursuant thereto the records of the board have been certified to this court.

The lots are numbered 22, 23, 24 and 25 on assessors' plat No. 41. Lots 22 and 24 are situated on the easterly side

of Newport avenue near the entrance to Narragansett Race Track, and have a combined frontage of 100 feet and a depth of 100 feet. Directly in the rear of these lots are lots 23 and 25, which have a depth of 100 feet and a combined frontage of 100 feet on Courtney avenue, a highway parallel to Newport avenue and the first street easterly of it. The four lots form a complete rectangle containing 20,-000 square feet and are in a residence B zone.

At the hearing before the board the petitioner Liberina D'Amico testified that the lots were vacant except for a billboard which gave a return of $150 per year; that they were surrounded by business uses; that just to the south was the entrance to Narragansett Race Track and to the east a trailer camp; that across Newport avenue were two gasoline stations; and that there were stores on either side of the highway.

John Y. Brochu testified that he has been a building contractor since 1927; that he has an agreement with the petitioners to lease the premises for the purpose of erecting a two-story motel building thereon fronting on Newport avenue; that it would contain twelve units and an owner apartment at the front where the operator and his family would live; that it would have an entrance on Newport avenue and an exit on Courtney avenue; and that the cost of the building with landscaping would be from $85,000 to $90,-000.

Philip Carufel testified that he was a real estate broker and had twenty-six years of building experience; that 95 per cent of the surrounding property was devoted to business; and that he thought public convenience required a motel because there was none in Pawtucket.

No remonstrants appeared at the hearing.

The board viewed the general area and noted that southerly of the property was a vacant lot, a one-family house, then Beverage Hill avenue and the Narragansett Race Track; that on the west was Newport avenue and a group

of one-family dwellings of recent construction; that running northerly was a modern commercial building consisting of two stores with a vacant lot in the rear, and then a nursery; and that on the east was Courtney avenue, then a trailer park on property zoned a residence B district.

After considering what it had seen on the view and the evidence taken at the hearing, the board found:

"1. That the proposed use would not be possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health.

"2. That the proposed use is not reasonably necessary for the convenience or welfare of the public.

"3. That the existence of such a use in the proximity of the Narragansett Race Track, would not be reasonably consistent with a due observance of public health, safety, morals, and the general welfare in the proper sense.

"4. The Board feels that the property in question could be devoted to a more desirable use."

The first reason for denying the application is that the proposed use would not tend to promote public convenience, welfare or health, and the second reason that the proposed use is not necessary for the convenience or welfare of the public.

There was testimony that there was no motel in the city, that consequently if the proposed motel were permitted it would serve as a convenience to many pepole who were passing through or remaining for a short period, and to that extent it would promote the general welfare. While it may be difficult to say of any single dwelling that it actively promotes the health of the community, it can be said of this contemplated motel that if built according to the plans submitted to the board it would permit those who might occupy the units to live in comfort, in cleanliness and under sanitary conditions paralleling those under which people generally are living in the same area.

The third reason given by the board is that because of the nearness to the Narragansett Race Track the existence of the requested use would not be reasonably consistent with a due observance of public health, safety, morals and the general welfare in the proper sense. Other than the fact that the race track is near, there is no evidence upon which this reason could be based.

The board appeared to believe that the nearness of the proposed motel to the race track would not result in a due observance of public health, safety and morals or, in a word, would not promote the general welfare. There was no evidence before the board of any specific effect of the race track upon nearby property.

The court said in *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, at page 31: "Such board is warranted in taking a view of the locality, and it may also in the exercise of its discretion consider matters well known to its members which bear upon the local situation. In doing so it is bound to act without prejudice. As to matters affecting the applicant's interest, which are not well known and apparent, they should not, in fairness to the applicant, be acted upon by the board without giving the applicant an opportunity to be heard thereon."

In *City of Providence* v. *Stephens,* 47 R. I. 387, at page 391, we stated: "Zoning provisions interfere with and restrict the property rights of land owners and can be supported only when they represent a legitimate exercise of the police power of the state." It is our opinion that in the absence of such specific evidence the board could not say that the public welfare would be lowered in the event that a motel were permitted as requested.

The final reason of the board for its denial of the requested use was that the property could be put to a more desirable use. While that may be so, what that use is is not readily seen. The evidence strongly indicates that a dwelling house would not be salable.

In the zoning district in which petitioners' lots are situated a hotel is a permitted use. Revised Ordinances (1953), sec. 26.6 (3). We have said heretofore that a motor lodge is akin to a hotel. *Barbara Realty Co.* v. *Zoning Board of Review,* 87 R. I. 100, 108; 138 A.2d 818, 823. Whatever objection the board had to the proposed motel after viewing the general area would seem to apply to a hotel, which, as we have said, is a permitted use. After a careful consideration of the entire matter, we are of the opinion that the board should have granted an exception and that the denial of the application was arbitrary and an abuse of discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed and the records certified to this court are sent back to the board with our decision endorsed thereon.

*George F. Treanor,* for petitioners.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor for City of Pawtucket, for respondent.